

# The Attorney General of Texas

November 23, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable George W. McNiel
State Auditor
Sam Houston State Office Building
P. O. Box 12067
Austin, Texas   78711

Dear Mr. McNiel:

Opinion No. H-1096

Re:  Whether a short period between employment by two different state agencies constitutes a break in state employment.

You have asked whether a short period between employment by two different state agencies constitutes a break in state employment sufficient to require payment for accrued leave.

An employee who resigns, is dismissed or is separated from state employment is entitled to receive payment for any unused vacation time he has accumulated.  General Appropriations Act, Acts 1975, 64th Leg., ch. 743, at 2849. Persons whose employment with the state ended September 1, 1975, or later were also entitled to be paid for one-half of their accumulated sick leave.  General Appropriations Act, Acts 1975, ch. 743, at 2850.  This policy was terminated on August 31, 1977, and persons leaving state employment after that date are not entitled to be paid for any percentage of their unused sick leave.

The Legislature's termination of the policy of payment for sick leave created financial incentives to terminate state employment before August 31, 1977, with the result that similarly situated employees were treated differently depending on the time and method by which they left their state jobs.  While we question the policy which permits radically different treatment of employees on the largely fortuitous circumstance of how and when an individual leaves the State's employ, we are not at liberty to ignore or add to the statutory language adopted by the Legislature.

Your question involves an employee who resigned from the State Auditor's Office on June 30, 1977, and had secured employment with another state agency beginning eleven days

p. 4497

later.  Article V, section 7e of both the 1975 and 1977
Appropriations Act indicates how an employee's leave is han-
dled when he transfers from one state agency to another.  That
section provides:

> A state employee who transfers directly
> from one State agency to another, shall
> be given credit by the receiving agency
> for the unused balance of this accumu-
> lated vacation and sick leave, provided
> that his employment with the State is
> uninterrupted.

Article V, § 7e, at 2851 (1975) and at V-33 (1977).

Thus the issue becomes whether the eleven day break between
the two jobs constituted an interruption in state employment.

"Termination of employment" has been defined as "the com-
plete severance of the relationship of employer and employee."
Pan American Life Insurance Co. v. Garrett, 199 S.W.2d 819, 821
(Tex. Civ. App. -- El Paso 1946, no writ).  Such severance must
occur by the positive act of either employer or employee.
Edwards v. Equitable Life Assurance Society, 177 S.W.2d 574,
577 (Ky. Ct. App. 1944).  Here the employee resigned and specif-
ically asked that his resignation be treated as a termination.
There was no attempt to seek leave without pay or to remain on
the payroll until the employee's vacation time was exhausted.
It is well established that an employee's unused vacation time
does not extend his term of employment, and that payment for
accrued annual leave "has no significance in determining the
date" of separation from employment.  Funderburk v. Metropolitan
Life Insurance Co., 146 So.2d 710, 715 (La. Ct. App. 1962); Wyatt
v. Security Benefit Life Insurance Co., 283 P.2d 243, 246 (Kan.
1955).  See Mutual Life Insurance Co. of New York v. Presbyterian
Hospital of Dallas, 503 S.W.2d 870, 874 (Tex. Civ. App. -- Dallas
1973, writ ref'd n.r.e.).

In our opinion, this eleven day break in state employment
entitles the state employee to payment for accrued leave, without
regard to the amount of leave to which the employee is entitled
at the time of his separation, and without regard to whether the
employee subsequently resumes state employment.  Accordingly, we
believe that a short period between employment by two different
state agencies constitutes an interruption in state employment
sufficient to require payment for accrued leave.

### S U M M A R Y

A short period between employment by two
different state agencies constitutes an
interruption in state employment sufficient
to require payment for accrued leave.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst